FILED
JUL 23 2014
[signature]
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| MIDLAND FARMS, LLC, | * | CIV 13-3029-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | OPINION AND ORDER |
| UNITED STATES DEPARTMENT OF | * | GRANTING MOTION TO |
| AGRICULTURE, RISK | * | DISMISS DEFENDANT |
| MANAGEMENT AGENCY, | * | NAU COUNTRY |
| FEDERAL CROP INSURANCE | * | INSURANCE, INC. |
| CORPORATION, and NAU | * | |
| COUNTRY INSURANCE, INC., | * | |
| | * | |
| Defendants. | * | |

## I.   INTRODUCTION

NAU Country Insurance, Inc. ("NAU") has filed a Motion to Dismiss the Complaint filed by Plaintiff Midland Farms, LLC ("Midland"), Doc. 11. Midland's Complaint has two counts. Doc. 1. Count I seeks judicial review of an agency decision under, among other statutes, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, and names as Defendants for that claim the United States Department of Agriculture ("USDA"), the Risk Management Agency ("RMA"), and the Federal Crop Insurance Corporation ("FCIC") (collectively "Agency Defendants"). Doc. 1 at ¶¶ 41-42. Count II seeks a declaratory judgment and names as Defendants for that claim not only the Agency Defendants, but also NAU. Doc. 1 at ¶¶ 43-45. This Court grants NAU's motion to dismiss without prejudice to refiling after arbitration for the reasons explained below.

## II.   BACKGROUND & FACTS

### A.   Crop Insurance Program

In 1938, Congress passed the Federal Crop Insurance Act ("FCIA"), 7 U.S.C. § 1501, *et seq.*, "to promote the national welfare by improving the economic stability of agriculture through a sound system of crop insurance and providing the means for the research and experience helpful in devising and establishing such insurance." Alliance Ins. Co. v. Wilson, 384 F.3d 547, 549 (8th Cir. 2004) (quoting 7 U.S.C. § 1502). The FCIA created the federal crop insurance program and established Defendant FCIC. 7 U.S.C. § 1503. FCIC is a wholly-owned government corporation situated within another Agency Defendant, the USDA, that administers and regulates the federal crop insurance program. See id.; Alliance Ins. Co., 384 F.3d at 549. Congress created Defendant RMA in 1996 to operate and manage FCIC.[1] Am. Growers Ins. Co. v. Fed. Crop Ins. Corp., 532 F.3d 797, 798 (8th Cir. 2008).

Originally, FCIC provided crop insurance coverage directly to producers. Alliance Ins. Co., 384 F.3d at 549. In 1980, Congress revised the FCIA to encourage FCIC to contract with approved, private insurance companies to sell and service crop insurance policies and have FCIC reinsure those policies. Ace Prop. & Cas. Ins. Co. v. Fed. Crop Ins. Corp., 440 F.3d 992, 994 (8th Cir. 2006) (citing 7 U.S.C. §§ 1508(k)(1), 1508(b)(1)). Most crop insurance policies now are offered privately through an approved insurance provider ("AIP") and reinsured by FCIC, rather than issued by FCIC directly. See id. The terms and conditions of these policies are mandated by FCIC, published at 7 C.F.R. § 457.8, and are referred to as the "Basic Provisions." See Skymont Farms v. Fed. Crop Ins. Corp., No. 4:09-cv-65, 2012 WL 1193407, at *5 (E.D. Tenn. Apr. 10, 2012) (noting that 7 C.F.R. § 457.8 "sets forth the 'Basic Provisions' that are

---

[1] The United States Court of Appeals for the Eighth Circuit has treated RMA and FCIC as one organization. See Am. Growers Ins. Co., 532 F.3d at 798. This Court too will refer to these entities jointly as FCIC.

2

included in each crop insurance policy . . . ."); Bissette v. Rain & Hail, LLC, No. 5:10-CV-40-D, 2011 WL 3905059, at *1 (E.D.N.C. Sept. 2, 2011) ("The crop insurance policy is a uniform policy, with terms and conditions mandated by RMA and published in the Code of Federal Regulations."). Midland and NAU agree that the Basic Provisions apply to their dispute and that the Basic Provisions' arbitration clause covers Midland's claims of entitlement to coverage under the crop insurance policies. Doc. 1 at ¶¶ 25-26; Doc. 12 at 2, 9; Doc. 22 at 2, 5 (Midland admitting that its "policy claims are the subject of a pending, mandatory arbitration[], and [Midland] acknowledges that the arbitrator would be the proper finder of any disputed fact").

**B.     Facts**

NAU does not dispute the facts alleged in Midland's Complaint for purposes of its motion to dismiss. NAU is a Minnesota corporation that is an AIP of crop insurance policies reinsured by FCIC. Doc. 1 at ¶ 2. Midland is an Iowa limited liability corporation which owns farmland in Haakon and Stanley Counties in South Dakota. Doc. 1 at ¶ 1.

In March of 2008, Midland leased over 35,000 acres of farmland in Haakon and Stanley Counties to members of the Hardes family ("the Hardes").[2] Doc. 1 at ¶¶ 8-9. In the Fall of 2008, the Hardes obtained four federally reinsured multi-peril crop insurance policies[3] ("the Policies") from NAU for its winter wheat crop. Doc. 1 at ¶ 10. Midland and the Hardes amended their lease in October of 2008 to require that the Hardes obtain crop insurance and

---

[2]The Complaint alternatively refers to "the Hardes" and "the Hardeses." Doc. 1 at ¶ 8. The Amended Default Judgment names them as having the last name "Hardes." Doc. 1-10. "Hardes" is the name on the Farm Lease, Doc. 1-1, and is the name that this Opinion and Order will use in referring to Midland's tenants.

[3]Such multi-peril crop insurance policies cover numerous risks including fire, flood, and drought among other hazards. Am. Growers Ins. Co., 532 F.3d at 798.

3

transfer the right to indemnification under the Policies to Midland. Doc. 1 at ¶ 12. Although the Hardes obtained crop insurance, they did not assign immediately the right to indemnity to Midland. Doc. 1 at ¶¶ 10, 13.

In early 2009, the Hardes defaulted on their lease with Midland. Doc. 1 at ¶ 13. Owing money to both Midland and to other creditors, the Hardes assigned the right to indemnification under the Policies to creditors other than Midland, and NAU appears to have approved at least one such assignment. Doc. 1 at ¶¶ 16-17, 22. In February of 2009, Midland obtained a judgment from a South Dakota state court requiring, among other things, that the Hardes transfer to Midland the Policies' indemnification rights. Doc. 1 at ¶ 18. In July of 2009, the Hardes finally executed transfer of coverage and assignments of indemnity forms in favor of Midland. Doc. 1 at ¶ 21; Doc. 1-14 at 2. In September 2009, Midland filed a notice of claim with NAU for proceeds from the Policies. Doc. 1 at ¶ 23; Doc. 1-14. NAU denied Midland's claims. Doc. 1-14.

After NAU denied Midland's claims, "[Midland] and Defendant NAU entered into policy-mandated claims arbitration before the American Arbitration Association." Doc. 1 at ¶ 25. The Basic Provisions require that questions of policy interpretation arising in arbitration be submitted to FCIC for its interpretation and any such interpretation binds the arbitrator. Doc. 1 at ¶ 26. Both parties submitted requests for interpretation to FCIC on certain policy provisions, including provisions relating to transferring and assigning coverage. Doc. 1 at ¶¶ 27-33. FCIC's interpretations were favorable to NAU. Doc. 1 at ¶ 29. Midland appealed the adverse interpretations and exhausted its administrative remedies. Doc. 1 at ¶¶ 37-38.

Midland thereafter filed its Complaint asserting that this Court has jurisdiction pursuant

4

to the APA, the judicial review section of regulations applicable to the USDA's National Appeals Division codified at 7 C.F.R. § 11.13,[4] the FCIA, and federal question jurisdiction under 28 U.S.C. § 1331. Doc. 1 at ¶ 6. Midland's Complaint does not allege diversity jurisdiction under 28 U.S.C. § 1332. Rather, Midland averred that its "cause of action arises from Defendant RMA's adverse response to a request for interpretation of certain administrative procedures of the Agency Defendants" and that "[a]ll of the wrongs complained of herein arise from regulatory interpretations made by the Agency Defendants[.]" Doc. 1 at ¶¶ 4, 7.

Midland makes specific jurisdiction allegations regarding each count. The Complaint alleges jurisdiction over Count I based on the APA, USDA administrative regulations, and the FCIA. Doc. 1 at ¶ 41. Midland in Count I names the Agency Defendants but not NAU as a defendant. See Doc. 1 at ¶¶ 41-42.

Count II seeks a declaratory judgment and is asserted against both NAU and the Agency Defendants. Doc. 1 at ¶¶ 43-45. Midland seeks the following declaration judgment:

> (a) Plaintiff was entitled to have the transfers [of coverage] . . . approved upon submission of its . . . Transfer of Coverage applications;
> (b) Plaintiff was thereby entitled to coverage under the Policies;
> (c) Defendant NAU is bound to grant Plaintiff the protections afforded by the transferred Policies; and
> (d) To the extent that Plaintiff has experienced a covered loss during the insurance period, indemnity shall be due and payable.

Doc. 1 at ¶ 45. Midland, in Count II, alleges that "[i]nsofar as this Court has obtained jurisdiction to review the actions of the Agency Defendants and the transferability of the Policies

---

[4]Section 11.13 outlines when a litigant may seek judicial review under the APA of an administrative determination made by the National Appeals Division of the USDA. See 7 C.F.R. § 11.13. NAU does not dispute that Midland has exhausted its administrative remedies and that the Agency Defendants' determinations are ripe for judicial review under § 11.13.

in question, declaratory judgment is warranted in this case pursuant to [The Declaratory Judgment Act, 28 U.S.C. § 2201] and 28 U.S.C. § 1331." Doc. 1 at ¶ 44. Midland prays for this Court to "declare its judgment that [Midland] is entitled to coverage under the subject Policies, and to the protections and indemnity afforded thereunder; . . . and for such other and further relief as may be just and proper." Doc. 1 at ¶ 45. Midland also makes a jury demand. Doc. 1 at 13, Part V.

NAU moved to dismiss under Rule 12(b)(1), Rule 12(b)(3), and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 11. NAU makes two arguments in support of its motion: (1) that it is not a proper defendant in an APA judicial review action, and (2) that the declaratory judgment remedies Midland seeks in Count II must be resolved in the mandatory pending arbitration. Doc. 12 at 7-8. Midland does not dispute that its claims against NAU are subject to mandatory arbitration. For example, Midland's brief states that "Defendant NAU correctly asserts that Plaintiff's policy claims are the subject of a pending, mandatory arbitration action, and [Midland] acknowledges that the arbitrator would be the proper finder of any disputed fact." Doc. 22 at 5 (footnote omitted). Midland also "fully expects to return to arbitration once its remedies for regulatory review have been exhausted." Doc. 22 at 7. Despite these admissions, Midland opposes NAU's motion to be dismissed from the declaratory judgment action.

### III.   DISCUSSION

#### A.   Standard of Review

NAU's motion to dismiss is for lack of subject matter jurisdiction regarding the claim against NAU under Rule 12(b)(1) of the Federal Rules of Civil Procedure. To succeed on a motion under Rule 12(b)(1), "the complaint must be successfully challenged on its face or on the

factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge, the plaintiff's factual allegations about jurisdiction are presumed true and the motion will be granted if those allegations fail to allege an element necessary to establish subject matter jurisdiction. Id. In a factual challenge, the court may consider facts other than those plead in the complaint in order to resolve the factual dispute. Id. "Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide." Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). The party asserting jurisdiction bears the burden to show jurisdiction exists. See Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009).

NAU's motion appears to mount a facial, rather than factual, attack on Midland's Complaint. NAU neither disputes Midland's factual averments nor points to evidence challenging them. Thus, this Court will restrict "itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." Jones v. United States, 727 F.3d 844, 846 (8th Cir. 2013) (quoting Osborn, 918 F.2d at 729 n.6).

NAU also invokes Rule 12(b)(6) as a grounds for its motion to dismiss for "failure to state a claim upon which relief can be granted." NAU's motion to dismiss truly is a facial challenge under Rule 12(b)(1). See Serotte, Reich & Wilson, LLP v. Montante, No. 05-CV-284S, 2009 WL 3055294, at *6 (W.D.N.Y. Sept. 21, 2009) (dismissing APA action for lack of subject matter jurisdiction because, among other reasons, it was brought against an improper defendant). Regardless, the standard for such a facial challenge under Rule 12(b)(1) is the same as under Rule 12(b)(6). See Jones, 727 F.3d at 846. In deciding whether to grant

such a motion to dismiss, a court must assume all facts in the complaint are true and must make all reasonable inferences in favor of the plaintiff. U.S. ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin. Corp., 690 F.3d 951, 955 (8th Cir. 2012). In doing so, however, "the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." Quinn v. Ocwen Fed. Bank FSB, 470 F.3d 1240, 1244 (8th Cir. 2006) (per curiam) (quoting DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002)).

### B. Subject Matter Jurisdiction Under the APA

Midland's Complaint asserts federal question jurisdiction under 28 U.S.C. § 1331 based on the APA, rather than diversity jurisdiction under 28 U.S.C. § 1332. "Federal courts are courts of limited jurisdiction, and a district court's federal question jurisdiction extends only to 'civil actions arising under the Constitution, laws, or treaties of the United States.'" Mamot Feed Lot & Trucking v. Hobson, 539 F.3d 898, 902 (8th Cir. 2008) (quoting 28 U.S.C. § 1331). Generally, a claim "arises under" federal law when "federal law creates a private right of action and furnishes the substantive rules of decision[.]" Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 748-49 (2012). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

Midland admits that the text of the APA does not permit suits against private defendants. Doc. 22 at 10. Nevertheless, Midland argues that its declaratory judgment action against NAU and the Agency Defendants arises under the APA. Doc. 22 at 8-10. The APA is not an independent source of jurisdiction, Cohen v. United States, 650 F.3d 717, 723 (D.C. Cir. 2011),

8

nor does it provide a private right of action against a private party, see W. Radio Servs. Co. v. Qwest Corp., 530 F.3d 1186, 1195 (9th Cir. 2008) (citing 5 U.S.C. §§ 702, 706(2)(A)). Rather the APA "provides a generic cause of action in favor of persons aggrieved by agency action[.]" Cohen, 650 F.3d at 723 (citation and internal quotation marks omitted). The APA permits "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute," to obtain "judicial review thereof." 5 U.S.C. § 702. The statute permits suits against "the United States, the agency by its official title, or the appropriate officer." 5 U.S.C. § 703; see also W. Radio Servs. Co., 530 F.3d at 1195 ("In such actions for judicial review, suit is against the agency itself or, in some cases, agency officials."); Serotte, 2009 WL 3055294, at *6 (holding immigration judge not a proper defendant in APA suit). NAU is not such a governmental agency or officer and thus is not subject to federal jurisdiction as a defendant under the APA.

Midland's main assertion of jurisdiction over NAU—that this Court obtained jurisdiction over the declaratory judgment action in Count II against NAU "[i]nsofar as this Court has obtained jurisdiction to review the actions of the Agency Defendant"—is incorrect. See Doc. 1 at ¶ 44. No provision of the APA or other jurisdictional statute extends federal jurisdiction to NAU simply because this Court has jurisdiction under the APA over the Agency Defendants.

Midland also argues that the declaratory judgment action against NAU is permitted because actions under the APA may be styled as declaratory judgment actions. Doc. 22 at 10. The APA provides that "[t]he form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory

9

judgments" that are filed "in a court of competent jurisdiction." 5. U.S.C. § 703. While the APA permits declaratory judgment actions as a means of obtaining judicial review of agency decisions, the statutory limitations of who may be sued in an APA action remain in place. See 5 U.S.C. § 703. The APA's allowance of declaratory judgment actions against the United States, an agency, or certain government officers does not mean that the APA extends federal jurisdiction to a declaratory judgment action against a private party such as NAU. See id.

Midland next argues that although the APA does not expressly permit suits against private parties, the action against NAU is nevertheless permissible because "[t]o the extent that Defendant FCIC's administrative decision is favorable to [Midland] and adverse to [NAU], [NAU] would also be entitled to bring its own action for judicial review under the [APA]." Doc. 22 at 9. This is an interesting argument, but does not justify ignoring the express limitation under 5 U.S.C. § 703 over who can be named as a defendant under the APA. Of course, there presently is no adverse determination from FCIC being challenged by NAU. If Midland's argument in this regard were accepted, then a plaintiff in an APA action would have to join all persons and entities that might be directly impacted by reversal of the agency decision, which is not what the APA contemplates or authorizes. See 5 U.S.C. § 703; W. Radio Servs. Co., 530 F.3d at 1195 (citing 5 U.S.C. §§ 702, 706(2)(A)).

Midland cites to Harrell & Owens Farm v. Federal Crop Insurance Corp., No. 4:09-CV-217-FL, 2011 WL 1100265 (E.D.N.C. Mar. 23, 2011), in support of its argument. Doc. 22 at 9. In Harrell & Owens Farm, the parties entered policy mandated arbitration, sought interpretations from FCIC, obtained interpretations, and completed arbitration. 2011 WL 1100265, at *1-2. After arbitration, the plaintiff filed for judicial review under the APA against

the Agency Defendants and then sought vacation of the arbitration award against its insurance company opponent under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10. Id. at *2. The district court stayed the motion to vacate, considered the judicial review action, upheld the Agency Defendants' interpretation, and, in a separate opinion, confirmed the arbitration award. Id. at *2, 8. The procedural situation here is quite different. In Harrell & Owens Farm, the court had a different independent source of federal jurisdiction over the private party—the FAA—than it had over the Agency Defendants. See id. at *2. Here, Midland sued NAU prior to completing mandatory arbitration, does not invoke jurisdiction under the FAA, and instead relies on jurisdiction under the APA.

Midland finally argues that NAU is a necessary party in its judicial review action and "[f]ailure to join a non-governmental defendant with interests in the outcome of an action brought under the [APA] is grounds for dismissal." Doc. 22 at 9-10. Midland, however, did not sue NAU in Count I seeking judicial review of FCIC interpretations, which belies the argument that NAU is a necessary party for judicial review under the APA.[5] Rather, the Complaint names NAU as a defendant only in a separate Count II claiming entitlement to coverage under the Policies.

Midland's concern that its judicial review action would have been dismissed had it not

---

[5] Midland appropriately identifies which entities it sues separately in its two counts and clearly identifies NAU as a defendant only in Count II. See 5 Charles Alan Wright et. al, Federal Practice & Procedure § 1248, p. 443 (3d ed. 2004) ("Similarly, in order to state a claim for relief, actions brought against multiple defendants must clearly specify the claims with which each individual defendant is charged."); see also Fromkin v. Indymac Bank FSB, No. 10-CV-8014-PCT-PGR, 2010 WL 2541167, at *3 (D. Ariz. June 18, 2010) (holding that complaint must state which specific defendants the claim is alleged against to put defendants on notice and provide them the "opportunity to properly defend themselves against this cause of action").

joined NAU is misplaced. Joinder is required if a party is "necessary and indispensable" under Rule 19 of the Federal Rules of Civil Procedure. Bailey v. Bayer CropScience L.P., 563 F.3d 302, 308 (8th Cir. 2009); see also U.S. ex rel. Steele v. Turn Key Gaming, Inc., 135 F.3d 1249, 1251 (8th Cir. 1998) (per curiam) ("Under Federal Rule of Civil Procedure 19, a nonparty is indispensable to an action [such that dismissal would be warranted] if (1) the nonparty is necessary; (2) the nonparty cannot be joined; and (3) the action cannot continue in equity and good conscience without the nonparty."). A party is necessary either if the court cannot, in the absence of the party in question, accord complete relief between the existing parties to the suit, Fed. R. Civ. P 19(a)(1), or the person claims an interest in the subject matter of the action, Fed. R. Civ. P. 19(a)(2). NAU's absence in the judicial review action has no effect on this Court's ability to review the Agency Defendants' interpretations and accord relief. See Knox v. U.S. Dep't of Interior, 759 F. Supp. 2d 1223, 1237 (D. Idaho 2010). The judicial review action will "stand or fall" on the Agency Defendant's interpretations, not on any arguments that NAU might advance. Id. NAU has an interest in this Court upholding the Agency Defendants' interpretations, which were favorable to NAU, but NAU is seeking dismissal. For Rule 19(a)(2) to apply, the party's absence must leave protection of the party's interest impaired or impeded, or leave the present party at risk of incurring multiple or inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(b)(i-ii); see also Knox, 759 F. Supp. 2d at 1237; Sykes v. Hengel, 220 F.R.D. 593, 597 (S.D. Iowa 2004). NAU's absence does not leave its interests at risk. The Agency Defendants, whose interpretations were favorable to NAU, have every incentive to advocate for

the propriety of their interpretations regardless of NAU's involvement.[6] See id.; Sykes, 220 F.R.D. at 597 (holding that party was not necessary because existing party shared its interests and adequately represented it).

Midland cites to Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton, 327 F. Supp. 2d 995 (W.D. Wis. 2004), for its contention that, had it not named NAU as a defendant, NAU could have moved to dismiss for Midland's failure to join NAU. Doc. 22 at 9. In Lac Du Flambeau Band, plaintiffs sought to invalidate a contract between an Indian tribe and a state through an APA action, but did not join the state or the tribe. 327 F. Supp. 2d at 998, 1000. The case was dismissed for failing to join the tribe because the tribe's interests in the contract were in jeopardy, because the existing defendants would not adequately represent the tribe, and because a party to a contract being challenged generally is indispensable to the litigation. Id. at 1000; see also Dawavendewa v. Salt River Project Agric. Improvement & Power Dist., 276 F.3d 1150, 1157 (9th Cir. 2002) ("[A] party to a contract is necessary, and if not susceptible to joinder, indispensable to litigation seeking to decimate that contract."). Unlike the situation in Lac Du Flambeau Band, NAU's contract is not being challenged and the Agency Defendants can adequately defend the propriety of their interpretations. Jurisdiction over NAU based on the APA is lacking.

### C. Jurisdiction Under the FCIA and Declaratory Judgment Act

In addition to invoking the APA, Midland's Complaint alleges jurisdiction over NAU

---

[6] Moreover, NAU has notice of this suit and may seek permission of the Court to submit a brief amicus curiae if it deems its interests inadequately protected by the Agency Defendants' briefing. See e.g., Hard Drive Prods., Inc. v. Does 1-1,495, 892 F. Supp. 2d 334, 337 (D.D.C. 2012) (stating that it is within the district court's discretion to grant a motion for leave to file an amicus curiae brief).

based on the FCIA, the Declaratory Judgment Act, 28 U.S.C. § 2201, and § 1331.[7] None of these statutes provide federal question jurisdiction over NAU under the circumstances of this case. At the outset, § 1331 does not provide an independent source of jurisdiction, U.S. ex rel FTC v. Larkin, Hoffman, Daly & Lindgren, Ltd., 841 F. Supp. 899, 903 (D. Minn. 1993) (citing Merrell Dow Pharm. v. Thompson, 478 U.S. 804 (1986)), but grants district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. "In order to invoke federal jurisdiction under Section 1331, a plaintiff's claim must be based on some federal law independent of that statute." U.S. ex rel FTC, 841 F. Supp. at 903.

The FCIA does not provide federal question jurisdiction over the declaratory judgment action in Count II against NAU because the FCIA only creates a cause of action against FCIC. See e.g., Wanamaker v. Lawson, 871 F. Supp. 2d 735, 739 (E.D. Tenn. 2012) ("These provisions [of the FCIA] specifically provide for exclusive federal jurisdiction over lawsuits filed arising from crop insurance policies, but only provide for such jurisdiction as to suits against the 'Corporation,' meaning the Federal Crop Insurance Corporation ('FCIC'), or the 'Secretary,' meaning the Secretary of Agriculture. These sections make no provision for suits filed against the private insurance companies issuing reinsured policies or the local insurance agencies or agents.") (internal citation and footnote omitted); Halfmann v. USAG Ins. Servs., Inc., 118 F. Supp. 2d 714, 719 (N.D. Tex. 2000) ("The [FCIA's] language includes no grant regarding suits against agents or companies selling insurance reinsured by the FCIC."); Bullard v. Sw. Crop Ins.

---

[7]Midland also cites USDA administrative regulations pertaining to judicial review, but those do not provide an independent basis for federal jurisdiction over NAU.

14

Agency, Inc., 984 F. Supp. 531, 536 (E.D. Tex. 1997) ("[T]he FCIA does not include a provision which so clearly and explicitly grants a cause of action to insured claimants against private insurance companies."). Thus, Midland may not invoke the FCIA as the source of federal question jurisdiction over NAU. See Mims, 132 S. Ct. at 748-49.

The Declaratory Judgment Act likewise does not provide this Court with federal question jurisdiction over NAU. "[T]he Declaratory Judgment Act . . . does not provide an independent basis for federal jurisdiction." Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010) (quoting Victor Foods, Inc. v. Crossroads Econ. Dev., 977 F.2d 1224, 1227 (8th Cir. 1992)). The Declaratory Judgment Act "does not 'extend' the 'jurisdiction' of the federal courts[,]" Medtronic, Inc. v. Mirowski Family Ventures, LLC, 134 S. Ct. 843, 848 (2014) (quoting Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950)), it only enlarges "the range of remedies available[,]" Skelly Oil Co., 339 U.S. at 671; see also Pub. Water Supply Dist. No. 10 of Cass Cnty., Mo. v. City of Peculiar, Mo., 345 F.3d 570, 572 (8th Cir. 2003). Federal district courts can grant declaratory relief under the Declaratory Judgment Act in "a case of actual controversy within its jurisdiction[.]" 28 U.S.C. § 2201. Therefore, an independent source of jurisdiction, such as diversity or federal question jurisdiction, must exist before a federal court can order declaratory relief. State of Mo. ex rel. Mo. Highway & Transp. Comm'n v. Cuffley, 112 F.3d 1332, 1334 (8th Cir. 1997).

None of the statutes the Complaint relies upon—the APA, the FCIA, § 1331, and the Declaratory Judgment Act—confer federal question jurisdiction over NAU. Thus, this Court must grant NAU's motion to dismiss for failing to establish subject matter jurisdiction over NAU in Count II.

## D.     Diversity Jurisdiction Assertion and Arbitration

Midland Farms argues for the first time in its Brief in Opposition to Dismissal that this Court has diversity jurisdiction under 28 U.S.C. § 1332 over NAU and the declaratory judgment action in Count II. Doc. 22 at 10. Diversity jurisdiction was not alleged in the Complaint. See Doc. 1. Subject matter jurisdiction is determined by the allegations of jurisdiction outlined in the complaint. Caterpillar, Inc., 482 U.S. at 392. Midland could have sought leave to amend its Complaint under Rule 15 of the Federal Rules of Civil Procedure, but it chose not to do so. Midland may not amend its Complaint through an argument raised in a brief in opposition to a motion to dismiss. See Thomas v. United Steelworkers Local 1938, 743 F.3d 1134, 1140 (8th Cir. 2014) (stating that courts which disallow amendment of complaints through a brief in opposition to summary judgment were "persuasive" and holding a party must comply with Rule 15 of the Federal Rules of Civil Procedure to amend a complaint); Misischia v. St. John's Mercy Health Sys., 457 F.3d 800, 805 (8th Cir. 2006) (holding district court did not abuse its discretion when it denied leave to amend a complaint requested through a brief in opposition to a motion to dismiss); Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3rd Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)); Middlebrooks v. Godwin Corp., 722 F. Supp. 2d 82, 87 n.4 (D.D.C. 2010) ("[P]laintiff failed to include these allegations in her complaint, and plaintiff may not amend her complaint by the briefs in opposition to a motion to dismiss.").

Midland's Complaint does allege that it is an Iowa limited liability corporation which leased 35,000 acres of farmland to the Hardes. Midland also names NAU as being a Minnesota

16

corporation. The Amended Default Judgment attached to the Complaint contained a monetary judgment against the Hardes and in favor of Midland for in excess of $1.9 million. Doc. 1-10. Yet, no allegation appears in the Complaint of there being in excess of $75,000, exclusive of interest and costs, at issue and no attachment to the Complaint reveals how much genuinely is at issue between Midland and NAU. Midland might have been able to invoke diversity jurisdiction as a basis to name NAU, but did not do so.

Even so, the outcome would be only marginally different if Midland's Complaint had pleaded diversity jurisdiction, because this Court would then be obliged to compel arbitration of the claim against NAU contained in Count II.[8] Midland and NAU agree that Midland's crop insurance policy claims—that is, claims that Midland is entitled to the proceeds of the crop insurance policies that it seeks in Count II—are subject to a mandatory arbitration provision. Thus, NAU seeks dismissal of the Complaint as to NAU or in the alternative a stay of proceedings on Count II pending arbitration. NAU cites to cases that involve the FAA, 9 U.S.C. § 1, *et seq*. See Cont'l Cas. Co. v. Am. Nat'l Ins. Co., 417 F.3d 727, 730 (7th Cir. 2005); Hensel v. Cargill, Inc., 198 F.3d 245 (6th Cir. 1999) (per curiam); Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 638 (9th Cir. 1988); Jacobsen v. J.K. Pontiac GMC Truck, Inc., No. 01 C 4312, 2001 WL 1568817, at *2 (N.D. Ill. Dec. 10, 2001); Weidert v. Hanson, 309 P.3d 435, 436 (Wash. 2013).

"Congress passed the [FAA] 'to reverse judicial hostility to arbitration agreements and to place arbitration agreements on equal footing with other contracts.'" Dakota Foundry, Inc. v.

---

[8] NAU argues that dismissal is appropriate based on the arbitration clause, Doc. 12 at 1, but Midland disagrees, Doc. 22 at 4. This Court need not address that argument since dismissal is warranted for lack of subject matter jurisdiction.

17

Tromley Indus. Holdings, Inc., 891 F. Supp. 2d 1088, 1096 (D.S.D. 2012) (quoting Keymer v. Mgmt. Recruiters Int'l, Inc., 169 F.3d 501, 504 (8th Cir. 1999)). The FAA provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 4 of the FAA, however, provides only a "limited grant of federal court jurisdiction." Northport Health Servs. of Ark., LLC v. Rutherford, 605 F.3d 483, 486 (8th Cir. 2010). It permits a party to seek an order to compel arbitration in "any United States district court which, save for such agreement, would have jurisdiction under Title 28 . . . [over] the subject matter of a suit[.]" 9 U.S.C. § 4. The phrase "'save for [the arbitration] agreement' . . . directs the federal court to 'assume the absence of the arbitration agreement and determine whether it would have jurisdiction under title 28 without it.'" Northport, 605 F.3d at 487 (quoting Vaden v. Discover Bank, 556 U.S. 49, 62 (2009)). "In nearly all cases, a party filing a § 4 petition to compel arbitration will allege as an independent basis of federal jurisdiction either a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332(a)." Id. at 486.

Thus, the FAA does not provide an independent basis for federal jurisdiction here. If Midland had invoked diversity jurisdiction in its Complaint against NAU, then this Court would have to send to arbitration Midland's claims against NAU in Count II. The claims made in Count II are the very same claims that the crop insurance contract envisions will be decided by an arbitrator. Either way, Midland cannot proceed at this time in this Court against NAU.

## IV. CONCLUSION

For the reasons explained in this Opinion and Order, it is hereby

ORDERED that Defendant NAU's Motion to Dismiss, Doc. 11, is granted without prejudice to refiling if there is in the future reason to enforce any arbitration award in favor of Midland and against NAU.

Dated July 23rd, 2014.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE